UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MAURICIA PEREZ and GILBERTO MARTINEZ, Individually, On Behalf of All Others Similarly Situated and as Class Representatives,<br><br>Plaintiffs,<br><br>v.<br><br>MVNBC CORP. d/b/a BENVENUTO CAFÉ TRIBECA, PERRY MALLAS and WILLIAM MALLAS a/k/a BILLY MALLAS,<br><br>Defendants. | DOCKET NO. 15-CV-6127 (ER)(DCF) |

---

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO AMEND OR CORRECT COMPLAINT

DANIEL G. DE PASQUALE, P.C.

Daniel G. De Pasquale, Esq.
300 Rabro Drive, Suite 125
Hauppauge, New York 11788
(631) 881-0040
*Of Counsel to the Law Firm of A.
Koutsoudakis, Attorneys for Defendants*

*Of Counsel:* Andreas Koutsoudakis

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................ iii

**PRELIMINARY STATEMENT** ..............................................................................................1

**ARGUMENT**..............................................................................................................................2

      POINT 1

      PLAINTFFS CANNOT MEET THE STRICT STANDARD OF FRCP 16(B) INSOFAR AS THEY FAILED TO MEET THE COURT'S CASE MANAGEMENT AND SCHEDULING ORDER DEADLINE ......................................................................2

          *(a) Federal Rule 16(b) provides for an elevated level of scrutiny Plaintiffs cannot meet*................................................................................2

          *(b) Plaintiffs' cannot demonstrate any good cause shown for ignoring the Court's Case Management and Scheduling Order*...................................................................................................................5

      POINT II

      DEFENDANTS WOULD BE HIGHLY AND UNDULY PREJUDICED BY THE AMENDMENT OF THE COMPLAINT PURSUANT TO THE INSTANT MOTION..................................................................................................9

**CONCLUSION** .........................................................................................................................10

**TABLE OF AUTHORITIES**

**STATUTES**

Federal Rule of Civil Procedure 16(b) ...........................................................................................1

Federal Rule of Civil Procedure 15 ................................................................................................2

**CASES**

246 Sears Road Realty Corp. v. Exxon Mobil Corp., 09-CV-889 (NGG) (JMA), 2012 WL 4174862 (E.D.N.Y. Sept. 18, 2012) .............................................................................................3,8

Alexander v. Westbury Union Free Sch. Dist., 829 F. Supp. 2d 89 (E.D.N.Y. 2011) ....................2

Apollo Theater Found. v. W. Intern. Syndication, 02-CV-10037 (DLC), 2005 WL 1041141 (S.D.N.Y. May 5, 2005) ..................................................................................................................6

Baez v. Delta Airlines, Inc., 12-CV-3672 (KPF), 2013 WL 5272935 (S.D.N.Y. Sept. 18, 2013) .9

Berman v. Parco, 986 F. Supp. 195 (S.D.N.Y. 1997).....................................................................9

Charles v. City of New York, 11-CV-2783 (AT)(RLE), 2015 WL 756886 (S.D.N.Y. Feb. 20, 2015) ...............................................................................................................................................6

Christians of California, Inc. v. Clive Christian New York, LLP, 13-CV-0275 (KBF) (JCF), 2014 WL 3605526 (S.D.N.Y. July 18, 2014) ..........................................................................................6

Enzymotec Ltd. V. NBTY, Inc., 754 F. Supp. 2d 527 (E.D.N.Y. 2011) ........................................5

Frenkel v. N.Y. City Off-Track Betting Corp., 611 F. Supp. 2d 391 (S.D.N.Y. 2009) ..................6

Grochowski v. Phoenix Constr., 318 F.3d 80 (2d Cir. 2003) .........................................................5

Hernandez v. Immortal Rise, Inc., 11-CV-4360 (RRM)(LB), 2013 WL 1703529 (E.D.N.Y. Apr. 19, 2013) .........................................................................................................................................6

Huber v. National R.R. Passenger Corp., 10-CV-09348 (ALC)(DF), 2012 WL 6082385 (S.D.N.Y. Dec. 4, 2012)..................................................................................................................6

Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229 (2d Cir. 2007) ......................................5,6,9

Parker v. Columbia Pictures Indus., 204 F.3d 326 (2d Cir. 2000)..................................................2

Perfect Pearl Co. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453 (S.D.N.Y. 2012) .............6

Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp., 215 F.R.D. 100 (S.D.N.Y. 2003) .................5

Ricciardi v. Kimco Facilities Servs. Corp., 10-CV-5731 (JS)(ARL), 2012 2012 WL 6761533 (E.D.N.Y. June 12, 2012) ...............................................................................................................2

Ritchie Risk Limited Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 282 F.R.D. 76 (S.D.N.Y. 2012) ..............................................................................................................................6

Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 193 (S.D.N.Y. 2014) .......................................5

Sokol Holdings, Inc., v. BMB Munai, Inc., 05-CV-3749 (KMW(DF), 2009 WL 2524611
(S.D.N.Y. Aug. 14, 2009) ..................................................................................................2,5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICIA PEREZ and GILBERTO MARTINEZ, )
Individually, On Behalf of All Others Similarly Situated )
and as Class Representatives, )
)
Plaintiffs, )
)                    DOCKET NO. 15-CV-6127
v. )                    (ER)(DCF)
)
MVNBC CORP. d/b/a BENVENUTO CAFÉ )
TRIBECA, PERRY MALLAS and WILLIAM )
MALLAS a/k/a BILLY MALLAS, )
)
Defendants. )

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO AMEND OR CORRECT COMPLAINT

### PRELIMINARY STATEMENT

Defendants MVNBC CORP. d/b/a BENVENUTO CAFÉ TRIBECA, PERRY MALLAS and WILLIAM MALLAS a/k/a BILLY MALLAS ("Defendants"), respectfully submit this Memorandum of Law in Support of Defendants' Opposition to Plaintiffs' Motion to Amend their Complaint in accordance with the Court's briefing schedule issued June 30, 2016 by Electronic Order.

Plaintiffs Mauricia Perez and Gilberto Martinez ("Plaintiffs") seek to amend their Complaint solely via Affirmation and exhibits by counsel. In said Affirmation, Plaintiffs fail to specify under which provision of the Federal Rules of Civil Procedure ("FRCP") they bring said application. Since Plaintiffs admit, correctly, that they failed to adhere to the Court's Initial Case Management and Scheduling Order, annexed to its submission as <u>Exhibit B</u>, the rule under which leave to amend should be reviewed in this case is the strict standard set forth in Federal Rule of Civil Procedure 16(b) ("FRCP 16(b)"). In fact, ironically, the only two (2) cases included in Plaintiffs'

1

moving papers are cases which *reinforce the invocation* of FRCP 16(b).  Defendants oppose Plaintiffs' motion on the grounds that: (1) Plaintiffs cannot meet the strict burden set forth by FRCP 16(b) because they failed to protect their rights to amend this pleading or add additional parties through no fault of Defendants and (2) Plaintiffs' amendment to the Complaint would unduly prejudice Defendants.

## ARGUMENT
### PLAINITFFS CANNOT MEET THE STRICT STANDARD OF FRCP 16(B) INSOFAR AS THEY FAILED TO MEET THE COURT'S CASE MANAGEMENT AND SCHEDULING ORDER DEADLINE

*A. Federal Rule 16(b) provides for an elevated level of scrutiny Plaintiffs cannot meet.*

The general standard set forth by FRCP 15 to amend pleadings is a liberal one insofar as it is freely granted, however, where as here, a motion to amend is filed after a deadline set by the Court in the Case Management and Scheduling Order, said motion is subject to the more demanding standard of FRCP 16(b). See Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000); Ricciardi v. Kimco Facilities Servs. Corp., 10-CV-5731 (JS)(ARL), 2012 WL 6761533, at *1 (E.D.N.Y. June 12, 2012) *adopted by* 2013 WL 42416 (E.D.N.Y. Jan. 3, 2013); Alexander v. Westbury Union Free Sch. Dist., 829 F. Supp. 2d 89, 117 (E.D.N.Y. 2011); Sokol Holdings, Inc., v. BMB Munai, Inc., 05-CV-3749 (KMW(DF), 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009).

According to FRCP 16(b), the Court must enter a scheduling order setting deadlines for subsequent proceedings in the case, including "the time to join other parties [and] amend the pleadings."  See FRCP 16(b).  The limitation of time for amendments is designed to offer a "measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleading will be fixed." See Parker, 204 F.3d at 339-40 (internal quotations omitted); accord Ricciardi, 2012 WL 6761533, at *1.  In certain cases, however, the Court may determine that a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Parker, 204 F.3d at 339.

2

(internal quotations omitted).  "In such cases, where the moving party has demonstrated good cause, the court may grant leave to amend the scheduling order to extend the deadline." Id.; See 246 Sears Road Realty Corp. v. Exxon Mobil Corp., No. 09-CV-889 (NGG) (JMA), 2012 WL 4174862, at *9 (E.D.N.Y. Sept. 18, 2012).

In their lone submission in this application, Plaintiffs' attorney's Affirmation acknowledges that they failed to adhere to the Court's Case Management and Scheduling Order citing "[p]laintiffs could not have reasonably met the March 8, 2016 deadline to amend pleadings or join parties." [Pl. Aff. in Support of Mot. ¶ 39].  The aforementioned Affirmation is not only wholly unsupported by any relevant case law or any specific reference to which FRCP said application is being brought, but it also does not annex any Affidavit from the Plaintiffs personally.  As such, by their own admission, the scrutiny to be applied is that of the stricter FRCP 16(b) and not FRCP 15. Stunningly, their chief attempt to prove their alleged diligence in adhering to a Court order to which Plaintiffs consented is nothing more than an attempt at an excuse.  Plaintiffs claim that their sole reason for ignoring the Court's Case Management and Scheduling Order is that Defendants' responses to Plaintiffs' discovery were less than helpful to furthering their cause.  On the contrary, it is Plaintiffs' alone who refuse to recognize their continued failure to properly name the correct entity or restaurant for which they claim they worked.  The Affirmation even admits further that "[p]laintiffs only knew that they worked at Benvenuto Café and that their bosses were Perry and William Mallas." [Pl. Aff. in Support of Mot. ¶ 10].  Interestingly, Benvenuto Café is *not* the Plaintiff named; Benvenuto Café Tribeca *is*-this small but critically important detail is lost on Plaintiffs as they insist on interchanging the names of two (2) different and distinct entities with discrete locations, and staff, among other distinctions.  Even the most cursory review of publicly available information supports these facts; facts which would have yielded helpful information to

3

Plaintiffs and was readily available to them at the commencement of this action. The simple remedy here would have been a brief and most elementary of communications by Plaintiffs to their attorneys as to the address where they reported to work each day or a submission in the form of an Affidavit to swear to same. It is because neither of these occurred that Plaintiffs insist on the instant application, however, Defendants should not have to bear the net result of the Plaintiffs malaise in attention to their own case.

In addition to the instant, unsupported application, Plaintiffs' misrepresent the procedural facts. Plaintiffs' have not only failed to comply with the Court's Case Management and Scheduling Order, but it is important to note that their overall lack of diligence, which began the day the Complaint was filed. The Complaint in this matter was filed exactly *one (1) year ago* to the date of this Memorandum of Law, on August 4, 2015. Several months went by with no communication from Plaintiffs. In fact, it was Defendants who had to write to the Court requesting an Initial Conference in January 2016. Plaintiffs admit to serving discovery upon Defendants on or about April 22, 2016, approximately a month *after* the date set forth in the Case Management and Scheduling Order. Defendants objected and responded to discovery on or about May 16, 2016. Again, nearly one (1) month later, Plaintiffs began their initial inquiry into the nature of the responses provided. These examples of failure to act stand in stark contrast to Plaintiffs representations of delay by Defendants. In short, these procedural facts demonstrate that it is Plaintiffs' actions, or lack therof, which have caused their predicament, not Defendants.

By their own assertion, Plaintiffs' discovery demands were "broadly defined" though the responses they received, three (3) times and counting, were factual, responsive and accurate. In the second set of demands served, even after Defendants alerted Plaintiffs' to the errors in its Complaint (and after Defendants contacted the Court by letter to request Court intervention), Defendants

4

*provided* Plaintiffs in its Interrogatory responses with the entity they now seek to add, namely, TKN, Corp.  This information was most certainly readily accessible to Plaintiffs upon commencement of this action via many potential sources including Plaintiffs themselves.  Even if it were not, Plaintiffs never attempted to modify the Court's Case Management and Scheduling Order to preserve their rights for amendment of the complaint or addition of Plaintiffs; nor did they see fit to add any placeholder Defendants in the name of "John Does" for such an issue.  This failure is particularly difficult to understand since their Complaint is fashioned as a "class action" and amendment of the pleading to add parties would, *arguendo,* at least potentially, follow.  Their failure to preserve their time should not be the Defendants proverbial cross to bear.

> *B. Plaintiffs' cannot demonstrate any good cause shown for ignoring the Court's Case Management and Scheduling Order*

In order for Plaintiffs to escape the scrutiny of FRCP 16(b) and avail themselves of the lenient standard FRCP (15), which they cannot, they must show good cause for failing to adhere to the Court's schedule.  "Good cause in this context depends on the diligence of the moving party, and, to satisfy the standard, the movant must demonstrate that it has been diligent in its effort to meet the Court's deadlines." Sokol, 2009 WL 2524611, at *7 (internal citations and quotations omitted); See Enzymotec Ltd. V. NBTY, Inc., 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2011).  In other words, the party "must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." Sokol, 2009 WL 2524611 at *7 (citing Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003)).  Whether there is good cause [under FRCP 16] "turns primarily on the diligence of the moving party in seeking to meet relevant deadlines in the scheduling order." See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007); see also Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003); Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 193, 197 (S.D.N.Y. 2014).  In determining whether the good cause standard is

met, "the primary consideration is whether the moving party can demonstrate diligence" but that is not the only consideration. Kassner, 496 F.3d at 244. "The district court, in the exercise of its discretion under FRCP 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading will prejudice defendants." Id.; See Ritchie Risk Limited Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 282 F.R.D. 76, 79 n.2 (S.D.N.Y. 2012); See FRCP 16(b).

The good cause standard [of FRCP 16] is not satisfied when the proposed amendment rests on information that the party knew or should have known, in advance of the deadline." Hernandez v. Immortal Rise, Inc., 11-CV-4360 (RRM)(LB), 2013 WL 1703529, at *2 (E.D.N.Y. Apr. 19, 2013) (internal quotation and citations omitted); (quoting Perfect Pearl Co. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012)); see also Christians of California, Inc. v. Clive Christian New York, LLP, 13-CV-0275 (KBF) (JCF), 2014 WL 3605526, at *4 (S.D.N.Y. July 18, 2014); Apollo Theater Found. V. W. Intern. Syndication, 02-CV-10037 (DLC), 2005 WL 1041141, at *19 (S.D.N.Y. May 5, 2005) (finding good cause arguments "transparent" where the plaintiff's proposed claim was based on information within its control before initiation of the action); Frenkel v. N.Y. City Off-Track Betting Corp., 611 F. Supp. 2d 391, 394 (S.D.N.Y. 2009) ("[T]he Court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay.") See Huber v. National R.R. Passenger Corp., 10-CV-09348 (ALC)(DF), 2012 WL 6082385, at *3. see also Charles v. City of New York, 11-CV-2783 (AT)(RLE), 2015 WL 756886, at *2.

Plaintiffs' lack the requisite good cause shown because they knew or, more importantly, should have known which address they reported to work each day and would have been able to

6

name the proper Defendant or, at a minimum, the proper restaurant; instead, they failed to properly name either, extend their time to amend or add parties, or reserve placeholders in the caption. Plaintiffs continue to, either willfully or otherwise, conflate the issues and fail to contemplate the basic facts present in this case; there were two (2) restaurant entities with similar names-Benvenuto Café Tribeca ("BC Tribeca") located at 369 Greenwich Street and Benvenuto Cafe ("BC") located at 23rd Street and Broadway. Plaintiffs sued BC Tribeca but they *actually* worked at BC. These restaurants are not owned by the same corporate entity or company and one of the Defendants named has no ownership interest in the company that owned BC whatsoever. Surely, at a minimum, the address of where Plaintiffs worked was in the possession of Plaintiffs at the time this matter was commenced if not via documents, then by sheer verbal communication and knowledge of the entity they reported for work each day. For Plaintiffs to now ask the Court to save them from this basic omission or error, after they failed to adhere to the Court's Case Management and Scheduling Order is not the kind of matter the FRCP were designed to protect.

  As stated above, Plaintiffs never requested an extension of time to meet the deadlines set forth in the Case Management and Scheduling Order; they simply attempt to pass the proverbial blame on the Defendants for not spoon-feeding them the proper Defendant sooner. In this sense, the applicable deadline could absolutely have been met by the most basic of conversations between attorney and client or between counsel to extend the deadline. Defendants can only surmise that yet another motion is in the offing when Plaintiffs attempt to add class members to this case. Plaintiffs failed to preserve their rights not only to amend with regard to the instant application but also failed to preserve their time to add parties through Plaintiffs own conduct. The Plaintiffs' simply do not possess an argument to overcome the standard of FRCP 16(b) and have not articulated any semblance of same in its Affirmation.

Defendants can prognosticate that one of Plaintiffs arguments on reply will be that since one of the alleged individual owners of TKN Corp., the proper Defendant, knew or should have known of their company's involvement their motion should be granted on those grounds pursuant to the "relation back" doctrine. This argument should fail for two (2) reasons. First, Plaintiffs cannot avail themselves of FRCP 15 since they failed to adhere to the Court's Case Management and Scheduling Order. The relation back doctrine is a tent pole of FRCP 15, reserved for parties who have previously complied with said Court orders, and is inapplicable in cases, such as here, scrutinized by FRCP16(b).

Second, Plaintiff's reliance on the fact that Defendants were on notice of the involvement of TKN Corp. since the filing of the Complaint serves only to emphasize that Plaintiff, too, knew or should have known or was aware of all the facts underlying their tardy motion to amend. It cannot be overlooked that the Complaint is defective since it specifically names Perry Mallas as an owner of an entity for which Plaintiffs' never worked and, in doing so, *specifically limited* his individual status as an employer solely in his capacity of that incorrect entity, and not more broadly as an individual employer of Plaintiffs.

Accordingly, even if the relation back doctrine were to be examined, the original Complaint itself limited the scope of Perry Mallas as owner of the named Defendant and not that of the Defendant attempted to be added now. These facts only reinforce the overall defective nature of the instant application and the original Complaint. Plaintiffs have not and cannot show that these facts were unavailable to them at the time the Complaint was filed. It is similarly abnormal and improbable in this area of law for a Plaintiff, in a class action case, not to preserve its right to amend or move for certification. Plaintiffs' failure to fully investigate its alleged claims eliminates a finding of good cause. See 246 Sears Road Realty Corp., 2012 WL 4174862, at *10 (finding that

the plaintiff did not demonstrate good cause where the factual basis of the claims were in its possession prior to the expiration of the amendment deadline).

### POINT II: DEFENDANTS WOULD BE HIGHLY AND UNDULY PREJUDICED BY THE AMENDMENT OF THE COMPLAINT PURSUANT TO THE INSTANT MOTION

As noted above and pursuant to the numerous cases cited by Defendants herein, the undue prejudice Defendants will have to endure, should the Complaint be amended to add a new party in this matter, is a just and appropriate basis for denial of the Plaintiffs' application.

In addition to the moving party's diligence, courts can consider other factors, such as prejudice to the non-moving party. Kassner, 496 F.3d at 244. Prejudice is an "important consideration" in examining a motion to amend. Baez v. Delta Airlines, Inc., 12-CV-3672 (KPF), 2013 WL 5272935, at *7 (S.D.N.Y. Sept. 18, 2013) (noting that prejudice is one of "the most important reasons for denying a motion to amend.") (citing Berman v. Parco, 986 F. Supp. 195, 217 (S.D.N.Y. 1997)).

To begin, the Defendants will face significant prejudice if this application is granted. First, the instant application would, essentially, allow the Plaintiffs to reset the accrual of damages clock back almost one (1) entire year.  Should the amendment be permitted, Defendants would face severe financial hardship as the potential damages in this matter would increase sharply and, potentially, force Defendants into the direst of financial positions.  As discussed above, Plaintiffs sat on their rights to preserve or extend their time to make this or any other motion to amend in contravention of this Court's Order, to which they agreed.  Their argument that the motion could only be made *after* Defendants responded to discovery with the correct entity name is truly preposterous and further demonstrates Plaintiffs' reliance on the Court's perceived leniency. It is a particularly untenable argument since their service of discovery was not only untimely per the Court's Order, but came approximately *eight (8) months after* the filing of the Complaint.  Nothing prevented Plaintiffs

9

from serving discovery or other initial proofs or extending their time to make the instant application; in addition, the Plaintiffs' proposed Complaint is fashioned as a class action, further invoking a presumption that yet another late motion to, potentially, add Plaintiffs would *still* be forthcoming. Accordingly, the Plaintiffs now ask the Defendants, who have already had to respond to discovery three (3) times, above Defendants' objection and in a case where the Plaintiff named the wrong party, to have to respond yet again to discovery pursuant to a new Defendant and, potentially, face new Plaintiffs in a case where the time to add parties ran almost five (5) months ago.

Besides the issue of increased legal fees because of Plaintiffs lack of initial case diligence and lack of adherence to Court orders to protect their interests, Defendants would be asked to prepare a defense to an amended complaint, which could potentially be amended again, and conduct depositions in order for Plaintiff to attempt to mount a case against a corporate entity they should have and could have named in the first place.

As an alternative, Defendants respectfully request that if the Court grants the instant application, which we argue it should not, the accrual of damages be calculated as of the date of the addition of the correct Defendant and not retroactively as of the date of the filing of the initial Complaint. Further, Plaintiffs should decide once and for all where they worked; Defendants should not be forced to defend a frivolous action against an incorrect entity.

## CONCLUSION

For all of the reasons set forth herein, Defendant respectfully requests that the Court issue an Order denying Plaintiffs' motion in its entirety pursuant to FRCP 16(b) or, limit the accrual of potential damages to the time of the addition of the correct Defendant, and for any other relief deemed just and proper.

Dated: Hauppauge, New York
August 4, 2016

                                        DANIEL G. DE PASQUALE, P.C.

                        By:     /s/Daniel G. De Pasquale
                              Daniel G. De Pasquale, Esq.(DD9272)
                            300 Rabro Drive, Suite 125
                            Hauppauge, New York 11788
                            (631) 881-0040
                            *Of Counsel to the Law Firm of A. Koutsoudakis, Attorneys for Defendants*

To: All Parties (*via ECF*)