UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: 11/29/2016

MAURICIO PEREZ and GILBERTO MARTINEZ GALVEZ, Individually, On Behalf of All Others Similarly Situated and as Class Representatives,

      Plaintiffs,

- against -

MVNBC CORP. d/b/a BENVENUTO CAFÉ TRIBECA, PERRY MALLAS, and WILLIAM MALLAS, a/k/a BILLY MALLAS,

      Defendants.

**OPINION AND ORDER**

15 Civ. 6127 (ER)

Ramos, D.J.:

  Plaintiffs Mauricio Perez and Gilberto Martinez Galves ("Plaintiffs") commenced this action on their own behalf and on behalf of a class of persons alleging wage and hour law violations of the Federal Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Defendants MVNBC Corp. d/b/a Benvenuto Café Tribeca, Perry Mallas, and William Mallas ("Defendants"). Doc. 1 ("Compl."). Pending before the Court is Plaintiffs' motion to amend the Complaint to join another party as a defendant pursuant to Federal Rules of Civil Procedure 15 and 16. Doc. 30.[1] Plaintiffs also request that the proposed Amended Complaint be deemed to relate back to the initial Complaint. Doc. 31 ¶¶ 21-25. For the reasons discussed below, Plaintiffs' motion is GRANTED.

---

[1] Although Plaintiffs have framed their motion as one to amend under Rule 15, Plaintiffs also seek to add a new party, which implicates Rule 21 of the Federal Rules of Civil Procedure.

## I. BACKGROUND

Plaintiffs worked at Benvenuto, a restaurant located in Manhattan, New York. Doc. 31 ¶ 5.[2] In their initial Complaint, Plaintiffs sued MVNBC d/b/a/ Benvenuto Café Tribeca, whose principal place of business is located at 369 Greenwich Street, New York, NY. Compl. ¶¶ 3, 21-22. During the course of discovery, however, Defendants disclosed—and Plaintiffs do not dispute—that the restaurant they actually worked for was located at 950 Broadway, New York and was operated by TKN Corp. d/b/a Benvenuto Caffe ("TKN"). In their proposed Amended Complaint, Plaintiffs seek to join TKN. Am. Compl. ¶ 4. Defendants object to the proposed amendment, alleging that Plaintiffs failed to learn the identity of their actual employer through their own lack of diligence. Doc. 33 at 6-7.

The discovery plan and scheduling order entered in this case set a March 8, 2016 deadline for joining additional parties. Doc. 17 at 1. Interrogatories and requests for production were not required to be served until one month later on April 8, 2016. *Id.* Plaintiffs' discovery requests sought information regarding, *inter alia*, the corporate entities that operated Benvenuto. *See* Doc. 31 ¶¶ 14-18.[3] Specifically, one interrogatory directed Defendants to identify all restaurants

---

[2] The parties refer to the restaurant where Plaintiffs worked by different names, which causes confusion in that the two restaurants in question have similar names and Defendants' argument rests in part on the precise names and locations of the restaurants. While Plaintiffs refer to the specific restaurant where they worked as "Benvenuto Café" in their briefing, *see* Doc. 31 ¶ 5 ("Plaintiffs worked at the Benvenuto Café in Manhattan"), the Amended Complaint states that TKN did business as "Benvenuto Caffe." *See* Doc. 31-1 ("Am. Compl.") ¶ 4. Defendants aver that Plaintiffs worked at "Benvenuto Cafe" and that a separate restaurant called "Benvenuto Café Tribeca" also existed. Doc. 33 at 11. Throughout the Complaint, Plaintiffs use the term "Benvenuto" to refer to MVNBC, *see* Compl. ¶ 3, and throughout the Amended Complaint, Plaintiffs use the term "Benvenuto" to refer to MVNBC and TKN collectively. *See* Am. Compl. ¶ 8. For purposes of this motion and in accordance with the Complaint and Amended Complaint, the Court uses the term "Benvenuto" to refer to the restaurant where Plaintiffs worked.

Plaintiff Mauricio Perez worked at Benvenuto from on or about May 1, 2007 until November 2013. Compl. ¶ 22; Am. Compl. ¶ 30. Plaintiff Gilberto Martinez Galvez worked at Benvenuto from on or about the year 2000 until November 2013. Compl. ¶ 27; Am. Compl. ¶ 35.

[3] The parties dispute when Plaintiffs served their initial discovery requests. Plaintiffs claim they served the requests on April 15, 2016, Doc. 24 at 1, whereas Defendants claim they were served on or about April 22, 2016. Doc. 33 at 4. In either event, the requests were served after the deadline set forth in the scheduling order. However, Defendants made no objection to the late service.

2

that are or were managed, operated or owned by Perry Mallas and William Mallas (the "Individual Defendants") from January 30, 2009 to present, *see* Doc. 31 ¶ 17, and a document request sought copies of certificates of incorporation and governing documents from businesses operated by the Individual Defendants. *Id.* ¶¶ 14-15. [4] Defendants served their responses approximately one month later on May 17, 2016, objecting to these particular requests as overly broad and unduly burdensome. *See* Doc. 24 at 1; Doc. 31 ¶ 19. Plaintiffs challenged the adequacy of Defendants' responses and objections approximately one month later on June 15, 2016. Doc. 26 at 2.

The parties discussed Defendants' responses during a June 20, 2016 telephone conference. *See* Doc. 24 at 2; Doc. 26 at 2. It was during that call that Defendants first disclosed that Plaintiffs never worked for MVNBC in Tribeca, but were instead employed by TKN at the Broadway location, which was owned by Perry Mallas and closed in 2013. *See* Doc. 24 at 2; Doc. 26 at 2. On June 28, Defendants' counsel e-mailed a second set of responses to Plaintiffs' discovery requests, in which they disclosed this same information in writing. *See* Doc. 24 at 3.

The next day, on June 29, 2016, Plaintiffs' counsel requested a pre-motion conference in anticipation of filing the instant motion and to discuss Defendants' inadequate discovery responses. *See* Doc. 24. In a telephonic conference held on July 7, 2016, the Court granted Plaintiff leave to file the instant motion. *See* 7/7/2016 Minute Entry. The Court also permitted the Plaintiffs to file amended discovery requests by July 14, 2016. *Id.* Plaintiffs filed the instant motion on July 29, 2016. Doc. 30.

In the proposed Amended Complaint, Plaintiffs do not withdraw any claim against MVNBC or concede that MVNBC is not liable to Plaintiffs in connection with this action. Doc.

---

[4] Plaintiffs served the discovery on all the Defendants, including the Individual Defendants. Doc. 24 at 1.

3

31 ¶ 42; *see also* Am. Compl.  Plaintiffs allege MVNBC, TKN, and the Individual Defendants are jointly and severally liable.  Doc. 31 ¶ 42.  Plaintiffs further allege that MVNBC and TKN share ownership and management personnel and operate as a single enterprise, that MVNBC is a successor entity of TKN, and that the Individual Defendants served as principals or officers of both MVNBC and TKN.  Am. Compl. ¶¶ 5-8, 10-13. [5]

The proposed Amended Complaint alleges the same six causes of action as the original Complaint—violations of both the FLSA and NYLL relating to minimum wage, overtime, spread-of-hours, and split-shift pay violations, and failure to provide wage notice.  *Compare* Doc. 1 ("Compl.") ¶¶ 40-58, *with* Am. Compl. ¶¶ 48-66.

## II.  LEGAL STANDARDS FOR AMENDMENT AND THE INTERPLAY BETWEEN RULES 15, 16, AND 21

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a "court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15.  "Generally, '[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'"  *Holmes v. Grubman,* 568 F.3d 329, 334 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007)).  However, the Second Circuit has held where a scheduling order governs amendments to the complaint, the "lenient standard under Rule 15(a)" must be "balanced against" Rule 16(b)'s requirement of a showing of good cause.  *Holmes,* 568 F.3d at 334; *see also Grochowski v. Phoenix Construction*, 318 F.3d 80, 86 (2d Cir. 2003).  Courts have noted the "obvious tension" between the standards

---

[5] The relationship between MVNBC, TKN, and the Individual Defendants remains unclear.  Plaintiffs claim that MVNBC is the successor entity of TKN and that "all of the assets and goodwill [of TKN] (including the name of the deli - Benvenuto Café) were simply transferred to" MVNBC.  *Id.* ¶ 29.  Plaintiffs also allege that Benvenuto moved locations in Manhattan at some point and the Individual Defendants formed the new corporation but still operated as "Benvenuto Café."  *Id.* ¶ 28.  However, Defendant has not responded to these allegations, and the Court need not determine the exact relationship between the parties for purposes of this motion.

of Rules 15(a) and 16(b).  *See Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014) (listing cases).  That is, Rule 15(a) allows for amending "freely" whereas Rule 16(b) states that the Court should not grant leave to amend without a showing of "good cause."  *Id.*  Here, the scheduling order set a March 8, 2016 deadline for amended pleadings and joinder of additional parties.  Doc. 17.  Accordingly, the Court will review Plaintiffs' request in view of Rule 15(a) as well as Rule 16(b).

Where a proposed amendment seeks to add a new party, Rule 21 of the Federal Rules of Civil Procedure governs.  *Momentum Luggage & Leisure Bags v. Jansport, Inc.,* No. 00 Civ. 7909 (DLC), 2001 WL 58000, at *1 (S.D.N.Y. Jan. 23, 2001).  Rule 21 states that a party may be added to an action "at any time, on just terms."  Fed. R. Civ. P. 21.  In deciding whether to permit joinder, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15."  *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008) (internal quotations and citation omitted); *see also Soler v. G & U, Inc.,* 86 F.R.D. 524, 528 (S.D.N.Y. 1980) (same).  However, just as with Rule 15, where a scheduling order sets a deadline to add a party, courts will balance the good cause standard of Rule 16 with the more liberal standard of Rule 21.  *See Lawrence v. Starbucks Corp.,* No. 08 CIV. 3734 (JCF), 2009 WL 4794247, at *3 (S.D.N.Y. Dec. 10, 2009) (finding that plaintiffs showed good cause and proceeding to analyze the proposed amendment under Rules 15 and 21).

### III.  GOOD CAUSE UNDER RULE 16

Plaintiffs contend that they were unaware that TKN owned and operated Benvenuto prior to the June 20, 2016 disclosures—they simply knew that they worked at Benvenuto and that their bosses were Perry and William Mallas.  Doc. 31 ¶¶ 9-11.  Defendants argue Plaintiffs have not

shown good cause to amend because Plaintiffs were not diligent in attempting to identify the appropriate parties.  *See* Doc. 33 at 9-13.

A finding of "good cause" under Rule 16 generally depends on the diligence of the moving party.  *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).  Where delayed discovery prevents a party from discovering facts sufficient to support a cause of action, a party must show that it acted diligently upon learning of the new facts.  *See e.g.*, *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) (noting that delayed discovery and settlement negotiations deferred plaintiff's ability to discover facts and holding that plaintiff acted diligently by seeking leave to file an amended complaint only two months after acquiring information).  However, the Second Circuit has clarified that although the "primary consideration" of the good cause analysis under Rule 16(b) is whether a party was diligent, diligence is not "the only consideration."  *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 245 (2d Cir. 2007).  Rather a Court may exercise its discretion under 16(b) and "consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants."  *Id.*  Thus, by requiring a district court "to consider and balance factors other than a plaintiff's diligence," the Second Circuit "left open the possibility that amendments could be permitted even where a plaintiff has not been diligent in seeking an amendment."  *Fresh Del Monte Produce, Inc*, 304 F.R.D. at 175 (internal citation omitted).

There appears to be no dispute that Plaintiffs worked at the Broadway location of Benvenuto.  *See* Doc. 33 at 6-7.[6]  Defendants contend that Plaintiffs knew or should have known

---

[6] The location where Plaintiffs worked does not appear on the face of the Complaint or the proposed Amended Complaint.  It is also unclear from the face of the Complaint or the Amended Complaint whether the Plaintiffs, including the class of persons that Plaintiffs seek to represent, worked at the Broadway location of Benvenuto or any "Benvenuto" restaurant owned by the Defendants.  The class allegations are defined broadly to include "all persons

in advance of the scheduling order deadline that they named the wrong entity. *Id.* at 6-7. That is, Defendants argue that because Plaintiffs reported to work every day at 950 Broadway, they should have known that MVNBC d/b/a/ Benvenuto Café Tribeca, which is located at 369 Greenwich Street, was *not* their employer. *Id.* at 3, 6-7. Defendants claim that "[e]ven the most cursory review of publicly available information" would have confirmed the actual corporate owner. *Id.* at 3. However, the Court notes that the New York Department of State Division of Corporations lists both addresses (950 Broadway and 369 Greenwich St.) on the corporate registration information for MVNBC.[7] Therefore, due to the potential confusion in naming the proper corporate entity, the Court rejects Defendants' argument that good cause cannot be shown because Plaintiffs should have known to sue TKN before the initial scheduling order deadline.[8]

Moreover, Plaintiffs aver they were unable to file a motion to amend the Complaint sooner because the Defendants did not respond substantively to Plaintiffs' discovery requests, which requested information relevant to the corporate ownership of Benvenuto. Doc. 31 ¶¶ 12-20. It was only during a telephonic meet and confer on June 20, 2016 that Defendants first disclosed that Plaintiffs worked for TKN and not MVNBC. *See* Doc. 24 at 2. On June 28, Defendants' counsel e-mailed a second set of responses, in which they also disclosed the

---

employed by defendants as food preparers, counter workers, cooks, kitchen helpers, delivery workers, dishwashers, cleaners, and other similar titles…" Am. Compl. ¶ 21.

[7] *See* NYS DEP'T OF STATE DIV. OF CORP., http://www.dos.ny.gov/corps/ (search results for "MVNBC") (listing the Department of State ("DOS") process address, or the address where "DOS will mail process if accepted on behalf of the entity" as 950 Broadway, and its "principal executive office" address as 369 Greenwich St.).

[8] Defendants nowhere explain why logic should compel the conclusion that Plaintiffs should have been aware of the existence of an entity known as TKN based on their employment at the 950 Broadway location. Although it is true that the initial Complaint listed MVNBC's "principal place of business" on Greenwich St., not Broadway, and Plaintiffs worked at the Broadway location, it does not follow that Plaintiffs should have known that distinct corporate entities operated different locations of the restaurant.

existence of TKN and noted that it closed in 2013. *Id.* at 3. Plaintiffs sought leave to file the instant motion the very next day. *Id*.

Accordingly, the Court discerns no lack of diligence in Plaintiffs' moving to amend shortly after discovering the actual identity of their employer. *See Salomon v. Adderley Indus., Inc.,* 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013) (noting that plaintiffs' proposed amendment to add parties upon learning of additional facts through discovery—and after scheduling order deadline—did not constitute a failure of diligence); *Permatex, Inc. v. Loctite Corp*., No. 03 Civ. 943 (GWG), 2004 WL 1354253, at *3 (S.D.N.Y. June 17, 2004) (holding that plaintiff exhibited diligence by moving to amend less than two months after deposition that brought new information to light).

## IV.  UNDUE DELAY AND PREJUDICE UNDER RULES 15 AND 21

In the Second Circuit, a court may also deny a motion to amend under Rule 15 "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties." *Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir. 2000) (internal quotation marks omitted). Motions to amend under Rule 15 and motions to join an additional party under Rule 21 are governed by the same standard. *LCE Lux HoldCo S.a.r.l. v. Entretenimiento GM de Mexico S.A. de C.V*., 287 F.R.D. 230, 236 (S.D.N.Y. 2012).

### A. Undue Delay

Defendants argue that Plaintiffs knew or should have known which corporate entity to sue based on where they reported to work each day. Doc. 33 at 6-7. However, for the same reasons Plaintiffs were diligent under the good cause standard of Rule 16, Plaintiffs easily meet the more liberal standard of Rules 15 and 21. The Court discerns no undue delay in moving to join TKN within nine days of disclosure, especially in light of Defendants' failure to

substantively respond to Plaintiffs' discovery requests. Furthermore, a moving party's delay, absent bad faith or prejudice, is not a sufficient reason to deny a motion to amend. *Richardson Greenshields Sec,, Inc. v. Lau,* 825 F.2d 647, 653 n.6 (2d Cir. 1987); *In re Horizon Cruises Litig.*, 101 F. Supp. 2d 204, 215 (S.D.N.Y. 2000). Defendants have not argued that Plaintiffs acted in bad faith, and for the reasons discussed below, Defendants' arguments regarding potential prejudice are similarly unavailing.

### B. Undue Prejudice

Defendants argue they would be prejudiced in two respects if the Court grants this motion. First, Defendants assert that additional discovery regarding TKN, including depositions, may be necessary. Doc. 33 at 10. This is a valid concern; however, the amount of discovery that will be required once the additional entity is added is minimal in a case such as this. Extensive additional discovery is likely not needed, given that the claims against TKN are identical to those against the other Defendants. *See Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 415 (S.D.N.Y. 2008) (finding defendants would suffer no prejudice where the claims were "virtually identical to those against the other defendants"); *see also Hampton Bays Connections, Inc. v. Duffy*, 212 F.R.D. 119, 123 (E.D.N.Y. 2003) (finding defendants would suffer no prejudice because "repetitive depositions may not be necessary" and "even if additional discovery is needed, such discovery would not be extensive" because the new claim "arises from the same set of facts as the original claims"). Furthermore, an adverse party's burden of undertaking discovery, standing alone, "does not suffice to warrant denial of a motion to amend a pleading." *U.S. For & on Behalf of Mar. Admin. v. Cont'l Illinois Nat. Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989) (reversing, as abuse of discretion, the denial of defendant's motion to amend pleading to assert affirmative defense).

Second, Defendants assert that if the Court grants the motion, it would allow the Plaintiffs to "reset the accrual of damages clock back almost one entire year." Doc. 33 at 9. Defendants argue they would face "severe financial hardship" because the potential damages in this matter would increase sharply if the date of filing relates back to the filing of the initial Complaint. *Id.* However, Courts have held that being exposed to greater potential damages is not prejudicial if the conduct relied upon for the theory of damages does not change substantially. *See In re Simon II Litigation*, 211 F.R.D. 86 (E.D.N.Y. 2002), *vacated and remanded on other grounds*, 407 F.3d 125 (2d Cir. 2005) (holding that possibility of greater damages due to addition of plaintiffs is not prejudicial if the conduct relied upon does not change appreciably and defendants should have realized that the new plaintiffs' claims might well be prosecuted); *see also Cunningham by Cunningham v. Quaker Oats Co., Fisher-Price Div.,* 107 F.R.D. 66, 72 (W.D.N.Y. 1985) (noting that "increased damages will often be a by-product of a successful motion [to amend]" and holding this meaning of alleged "prejudice" is not sufficient).

In this case, the conduct alleged in the proposed Amended Complaint is the same as the conduct alleged in the original Complaint. The only significant change is the addition of TKN. Defendants have failed to demonstrate undue prejudice because they had notice of the lawsuit and should have appreciated that TKN might be exposed to potential liability. Defendants also concede that Perry Mallas was an owner of TKN, *see* Doc. 33 at 8, 11-12, and the record is clear that Mallas was personally served with a copy of the initial Complaint. *See* Doc. 7 (Affidavit of Service of Summons and Complaint to Perry Mallas).

\*   \*   \*

In light of the foregoing, the Court concludes Plaintiffs have shown good cause to amend. Accordingly, Plaintiffs' request for leave to amend the complaint is granted.

### V. THE PROPOSED AMENDED COMPLAINT RELATES BACK TO THE INITIAL COMPLAINT UNDER RULE 15(c)

"If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint." *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir. 2001). Plaintiffs request for statute of limitations purposes that the Amended Complaint be deemed to relate back to the initial Complaint. Doc. 31 ¶¶ 21-25.[9]

Federal relation back doctrine is governed by Rule 15(c)(1)(C), which lays out the requirements for an amendment to "relate back" to the date of the original pleading where a new party is "added, changed, or substituted." *Girau v. Europower, Inc.*, No. 10 Civ. 4320 (NSR), 2016 WL 5017319, at *4 (S.D.N.Y. Sept. 16, 2016) (internal citation omitted). An amendment to add an additional party relates back to the date of the original complaint if three conditions are satisfied: (1) the amendment asserts a claim arising from the "conduct, transaction or occurrence" in the original pleading; (2) the party to be added "received such notice of the action that it will not be prejudiced in defending on the merits;" and (3) the party to be added "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B–C).[10] Rule 15(c) "mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski v. Costa Crociere S. p.*

---

[9] Defendants argue that Plaintiffs cannot avail themselves of the relation back doctrine under Rule 15 because they failed to adhere to the Court's scheduling order. *See* Doc. 33 at 8. For the reasons discussed above, Defendants' position is without merit. Courts in this District routinely apply the standards of Rules 15, 16, and 21 in tandem where a scheduling deadline has passed. *See, e.g.*, *Soroof Trading Dev. Co. v. GE Microgen, Inc.,* 283 F.R.D. 142, 152 (S.D.N.Y. 2012); *Lawrence*, 2009 WL 4794247, at *3.

[10] For the second and third elements, the period provided by Rule 4(m) (which is ordinarily 120 days from when the complaint is filed) also applies. *See* Fed. R. Civ. P. 15(c)(1)(C)); Fed. R. Civ. P. 4(m).

*A.*, 560 U.S. 538, 553 (2010). Here, the three conditions required under Rule 15(c) are satisfied to permit relation back to the original Complaint.[11]

### A. Arising out of the conduct, transaction, or occurrence set out in the original pleading

First, the claims of the proposed Amended Complaint arise "out of the conduct, transaction, or occurrence set out… in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In the Amended Complaint, Plaintiffs assert the same six causes of action alleging violations of the FLSA and NYLL. *Compare* Compl. ¶¶ 40-58, *with* Am. Compl. ¶¶ 48-66. The factual allegations have not changed, just the identity of the corporation that operated the restaurant where Plaintiffs worked. Therefore, the first prong of the relation back analysis is satisfied.

### B. Notice

The notice necessary under the second requirement need not be manifested by formal service of process within the prescribed period: rather, notice must be such that the defendant "will not be prejudiced in defending on the merits." Fed.R.Civ.P. 15(c)(1)(C)(i). "At a minimum … notice requires knowledge of the filing of suit, not simply knowledge of the incident giving rise to the cause of action." *Girau*, 2016 WL 5017319, at *6 (citing *Morel v. DaimlerChrysler AG*, 565 F.3d 20, 26 (1st Cir. 2009)). Knowledge can be imputed. *See Hahn v. Office & Prof'l Employees Int'l Union,* AFL–CIO, 107 F. Supp. 3d 379, 384 (S.D.N.Y. 2015).

---

[11] An amended pleading alternatively may be deemed to relate back to an earlier pleading if "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Plaintiffs assert claims under both federal and New York law. "When relation back cannot be found under Rule 15(c)(1)(C), the state law that provides the applicable statute of limitations can be considered if it provides a more lenient rule." *Girau,* 2016 WL 5017319, at *4 (internal quotations omitted); *see also Hogan v. Fischer*, 738 F.3d 509, 516 (2d Cir. 2013) (applying state relation back doctrine where it was more permissive than federal doctrine in the context of adding a "John Doe" defendant). Here, the applicable New York law regarding relation back for adding a defendant "closely tracks the federal relation-back requirement of Rule 15(c)(1)(C)." *Vasconcellos v. City of N.Y.*, No. 12 Civ. 8445 (CM), 2014 WL 4961441, at *8 (S.D.N.Y. Oct. 2, 2014) (citing C.P.L.R. § 203). While some courts in this District have noted that the notice requirement for relation back under New York law "is arguably more lenient than the parallel federal provision," *see Sloane v. Town of Greenburgh*, No. 01 Civ. 11551 (MBM), 2005 WL 1837441, at *3 (S.D.N.Y. July 27, 2005), the Court reaches the same conclusion regarding the propriety of the relation back doctrine under either standard.

Where two parties are closely related in their business activities or linked in their corporate structure, such as by shared common officers, knowledge by one party can be imputed to the related party. *Id.*

The Court finds on the facts presented that TKN received sufficient notice. While the precise details of the interrelationship between TKN and MVNBC are unclear, it is undisputed that the Individual Defendants had actual knowledge of the lawsuit as they were personally served with the original Summons and Complaint. *See* Doc. 7 (Affidavit of Service of Summons and Complaint to Perry Mallas); Doc. 8 (Affidavit of Service of Summons and Complaint to William Mallas).[12] Defendants also concede that Perry Mallas was the owner of TKN. *See* Doc. 33 at 8, 11-12. Therefore, the second prong of the relation-back analysis is satisfied because Perry Mallas had knowledge of the lawsuit and the claims at issue.[13]

## C. Knowledge of a Mistake in Identity

To satisfy the third requirement, Plaintiffs must show that they made a mistake about the identity of the proper defendant and that the prospective defendant knew or should have known that, but for the mistake, it would have been sued. *See* Krupski, 560 U.S. at 548. If the prospective defendant "understood, or ... should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity," then this element is satisfied. *Id.* at 550. Even if a plaintiff knows about the existence of a proper

---

[12] Additionally, records from the NYS Department of State Division of Corporations indicate that Perry Mallas is also the "Chief Executive Officer" of MVNBC. *See* NYS DEP'T OF STATE DIV. OF CORP., http://www.dos.ny.gov/corps/ (search results for "MVNBC").

[13] Defendants' argument that relation back does not apply because in the original Complaint Perry Mallas was sued "as owner of the named Defendant and not that of the Defendant attempted to be added now" is unavailing. Perry Mallas, the owner of TKN, had actual notice of the lawsuit because he was sued individually in the original Complaint and received notice through service. *See* Doc. 1; Doc. 7.

party for a lawsuit, that knowledge "does not foreclose the possibility that she has made a mistake of identity about which that party should have been aware." *Id.*

Here, Plaintiffs allege that their paychecks did not indicate they worked for TKN, Doc. 31 ¶ 11, and there is no allegation to suggest that Plaintiffs actually knew that a company called "TKN" operated Benvenuto.  In response, Defendants simply declare that Plaintiffs "should have known" about TKN based on the address of the Benvenuto where Plaintiffs worked.  Doc. 33 at 7.  However, Defendants do not allege that Plaintiffs received any documentation indicating that they were employed by TKN, or that TKN was listed as their employer on their paychecks.

Furthermore, TKN knew or should have known that but for Plaintiffs' mistake concerning the parties' identities, the action would have been brought against it.  The Supreme Court has held that where companies are "related corporate entities with very similar names…this interrelationship and similarity heighten the expectation" that a defendant should suspect a mistake has been made.  *Krupski,* 560 U.S. at 556–57 (reversing court's denial of relation back under Rule 15 where plaintiff failed to name the proper of two interrelated corporate entities with very similar names – Costa Cruise and Costa Crociere – based on a misunderstanding of facts regarding the two companies' roles and status); *see also Morel*, 565 F.3d at 27 (relation back applies where complaint conveyed plaintiffs' attempt to sue automobile manufacturer and erroneously named the manufacturer as Daimler–Chrysler Corporation instead of the actual manufacturer).  Here, the face of the Complaint demonstrates that Plaintiffs plainly intended to sue their employer.  Notably, it was Defendants themselves that advised Plaintiffs that the proper corporate entity to sue was TKN, not MVNBC.  *See* Doc. 22.  Defendants also concede that the two restaurants had "similar names." Doc. 33 at 7.  Thus, in light of these facts, TKN knew or should have known that Plaintiffs' failure to name it as a Defendant in the original

Complaint was due to mistake. Furthermore, any identity of interest between these parties eliminates any worry that TKN would be caught by surprise with the Amended Complaint. *See, e.g., Goodman v. Praxair, Inc.*, 494 F.3d 458, 473 (4th Cir. 2007) (where complaint named parent company Praxair, Inc., but described status of subsidiary company Praxair Services, Inc., subsidiary company knew or should have known it had not been named because of plaintiff's mistake).

Accordingly, the Court holds that under Rule 15(c), the Amended Complaint relates back to the date of filing of the initial Complaint.

## VI. CONCLUSION

Plaintiffs' Motion to Amend the Complaint is GRANTED. Under Rule 15(c) for purposes of the statute of limitations, the date of the filing of the initial Complaint shall be adopted as the date of filing of the Amended Complaint. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 30.

It is SO ORDERED.

Dated:   November 29, 2016
         New York, New York

                                                        Edgardo Ramos, U.S.D.J.