UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURICIO PEREZ and GILBERTO MARTINEZ GALVEZ, Individually, On Behalf of All Others Similarly Situated and as Class Representatives,<br><br>         Plaintiffs,<br>-vs-<br><br>MVNBC CORP. d/b/a BENVENUTO CAFÉ TRIBECA, TKN CORP. d/b/a BENVENUTO CAFFE, PERRY MALLAS and WILLIAM MALLAS a/k/a BILLY MALLAS,<br><br>         Defendants. | Case No. 15-CV-6127 |

## SETTLEMENT AGREEMENT

**WHEREAS**, Mauricio Perez and Gilberto Martinez Galvez (hereinafter "Plaintiffs") commenced an action against MVNBC Corp. d/b/a Benvenuto Café Tribeca, TKN Corp. d/b/a Benvenuto Caffe, Perry Mallas, and William Mallas a/k/a Billy Mallas (hereinafter collectively "Defendants"), on or about August 4, 2015, in the United States District Court for the Southern District of New York (the "Court"), presently bearing Docket No. 15-cv-06127 (the "Action") alleging unlawful employment practices;

**WHEREAS**, Defendants filed an Answer in this matter, denying Plaintiffs' allegations, and have contended that Plaintiffs' allegations are unfounded and lack merit;

**WHEREAS**, Plaintiffs and Defendants (singularly, a "Party," collectively the "Parties") desire to fully and finally resolve and settle in full all wage and hour claims that Plaintiff has, had, or may have against Defendants, including, but not limited to, all minimum wage, overtime, and spread of hours claims and issues that were or could have been raised by Plaintiffs, by way of this Settlement Agreement ("Agreement");

**WHEREAS**, Plaintiffs' counsel of record in the Action and Defendants' counsel of record in the Action, have negotiated extensively in good faith to reach a settlement acceptable to the Parties, which constitutes a reasonable compromise of Plaintiffs' claims and Defendants' defenses, and the *bona fide* dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to Plaintiffs by Defendants of the gross sum of **Forty Seven Thousand Five Hundred Dollars and Zero Cents ($47,500.00)** (the "Settlement Amount"), Plaintiffs hereby release and forever discharge Defendants, as well as Defendants' current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiffs to be an "employer" both individually and in their official capacities, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies (all of said individuals and entities referenced above are, with Defendants, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, sick time, liquidated damages, and/or statutory penalties) purportedly owed to Plaintiffs under the FLSA, NYLL, New York City law, the Equal Pay Act, or any other law, regulation, or ordinance regulating the payment of wages, which

Plaintiffs, their respective heirs, executors, administrators, agents, successors, and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.

2. The Settlement Amount shall be paid by Defendants as follows:

(a) Within fourteen (14) days of Court Approval of this Agreement, Defendants shall forward payment to Plaintiffs' counsel for full payment of the Settlement Amount. The Settlement Amount shall be made payable as follows:

i. a check in the amount of $15,833.33, made payable to "Ross & Asmar LLC" representing payment of attorneys' fees and costs;

ii. a check in the gross amount of $11,621.66, less applicable withholdings, made payable to Mauricio Perez representing payment of economic damages; and,

iii. a check in the amount of $11,621.67, made payable to Mauricio Perez representing payment of liquidated damages.

iv. a check in the gross amount of $4,211.67, less applicable withholdings, made payable to Gilberto Martinez Galvez representing payment of economic damages; and,

v. a check in the amount of $4,211.67, made payable to Gilberto Martinez Galvez representing payment of liquidated damages

vi. Plaintiff's Counsel must complete and return an IRS Form W-9, to counsel for Defendants, including a Social Security or ITIN number, or employer tax identification number, as appropriate.

3. All payments set forth above shall be delivered to or mailed to the attention of Steven Ross, Esq., Ross & Asmar LLC, ("Plaintiff's counsel"), 499 Seventh Avenue, 23rd Floor, South Tower, New York, New York 10018.

4. All payment set forth above shall be made in good funds by bank check.

5. Once approved by the Court, and full payment is received and checks cleared, the parties shall execute and submit the Stipulation of Dismissal annexed hereto as Exhibit "A". In the event payment checks provided by Defendants do not clear or are otherwise dishonored, Plaintiffs' counsel shall provide Defendants' counsel notice by e-mail and Defendants shall have ten days to cure such default. In the event Defendants do not cure default within the ten day period provided Plaintiffs shall have the option to restore this matter.

6. Defendants are jointly and severally responsible for the payments set forth above. Regardless of the source of funds used to satisfy these payments, the monies will be deemed to have come from all Defendants. In the event any Defendant files for bankruptcy, the payments hereunder shall be deemed to have been paid by the non- bankruptcy Defendants, regardless of source of funds.

7. It is acknowledged and agreed by the Parties that all monies being paid to Ross & Asmar LLC are deemed as payments paid by the plaintiff for legal services rendered to the Plaintiff in connection with and as part of the settlement of this action and are not being paid by any Defendant as part of or in connection with a pre-existing debt or obligation of any defendant. It is acknowledged and agreed by the Parties that a portion of monies paid to Plaintiff are attributable to liquidated damages and are not attributable to a pre-existing debt.

8. Plaintiffs acknowledge that they have received sufficient consideration as set forth in this Agreement. Plaintiffs expressly acknowledge that the release provisions herein shall be

given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

9. Plaintiffs acknowledge that upon execution of the Agreement, Plaintiffs are not entitled to any other forms of compensation including, but not limited to wages, tips, overtime, minimum wage, spread of hours, or stretch pay, withheld payroll deductions, call in pay, vacation, or sick pay, accrued benefits (including, but not limited to health care benefits), bonuses, or commissions.

10. The Parties agree that, in an action arising from any alleged breach of the Agreement, in addition to any remedies available to the Parties in law or equity for a breach thereof, the prevailing Party shall be entitled to receive reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s).

11. The Parties acknowledge that this Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by Defendants that Plaintiffs' claims have merit.

12. This Agreement shall not be interpreted in favor of or against either Party on account of such Party's counsel having drafted this Agreement.

13. Plaintiffs acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their claims. Plaintiffs acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible

legal claims they could assert and Plaintiffs acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiffs.

14. The Parties agree that they each shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to any of the Parties. For purposes of the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of the Company in the eyes of an ordinary and reasonable person in the community, but will not preclude the Parties from making good faith statements in the context of any judicial, administrative, arbitration, mediation or other legal proceeding. Nothing in this paragraph shall preclude the Parties from truthfully communicating their experiences concerning the Action or the Settlement.

15. Plaintiffs and Defendants understand and agree that Defendants shall pay all amounts due pursuant to the terms of this Settlement Agreement without setoff or abatement of any kind whatsoever, including but not limited to, any defense or claim of setoff or abatement related to any alleged failure of Plaintiffs to comply with the terms of this Settlement Agreement.

16. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

17. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

18. This Agreement may only be modified, altered or changed in writing, signed by the Parties, or otherwise by Order of the Court.

19. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Parties agree that the Court shall retain jurisdiction over this Agreement.

20. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement may be executed in any number of counterparts shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

21. All other notices and documents set forth herein shall be delivered to counsel for Defendants, Daniel G. De Pasquale, Esq., Daniel G. De Pasquale, P.C., 140 Fell Court, Suite 305, Hauppauge, NY 11788; (631) 881-0040; facsimile (631) 881-0818, dan@dgdpc.com; and counsel for Plaintiff, Steven Ross, Esq., Ross & Asmar LLC, 499 Seventh Avenue, 23rd Floor, South Tower, New York, NY 10018; (212) 736-4202; facsimile (212) 736-2873, steven@rossasmar.com.

22. Plaintiffs **represent that they have had a full opportunity to review and consider the terms and conditions of this Release and to have discussed them with his respective counsel or financial advisor, and have had sufficient time to review and consider this Release, fully understand all of the provisions of this Release and have executed same freely and voluntarily.**

Agreed and Accepted:

                                          _____
                                          Mauricio Perez
                                          Date: _____

Agreed and Accepted:

                                          _/s/ [signature]_____
                                          Gilberto Martinez Galvez
                                          Date: _9.11.18_

*[handwritten: este contrato fue explicado en español]*

Agreed and Accepted:

                                          MVNBC Corp. d/b/a Benvenuto Café Tribeca

                                          _____
                                          By:    Perry Mallas
                                          Date: _____

Agreed and Accepted:

                                          TKN Corp. d/b/a Benvenuto Caffe

                                          _____
                                          By:    Perry Mallas
                                          Date: _____

Agreed and Accepted:

                                          _____
                                          Perry Mallas
                                          Date: _____

Agreed and Accepted:

                                          _____
                                          William Mallas a/k/a Billy Mallas
                                          Date: _____

Agreed and Accepted:

*Mauricio Perez J* (signature)
Mauricio Perez
Date: 17 Septiembre 2018
este contrato fue explicado en mi lengua Español

Agreed and Accepted:

_____
Gilberto Martinez Galvez
Date: _____

Agreed and Accepted:

MVNBC Corp. d/b/a Benvenuto Café Tribeca

_____
By: Perry Mallas
Date: _____

Agreed and Accepted:

TKN Corp. d/b/a Benvenuto Caffe

_____
By: Perry Mallas
Date: _____

Agreed and Accepted:

_____
Perry Mallas
Date: _____

Agreed and Accepted:

_____
William Mallas a/k/a Billy Mallas
Date: _____

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MAURICIO PEREZ and GILBERTO MARTINEZ GALVEZ,

                        Plaintiff,

-against-

MVNBC CORP. d/b/a BENVENUTO CAFÉ TRIBECA, TKN CORP. d/b/a BENVENUTO CAFFE, PERRY MALLAS, and WILLIAM MALLAS a/k/a BILLY MALLAS,

                        Defendants.
-----------------------------------------------------------X

Case No. 15-CV-06127 (ER)(DCF)

**STIPULATION OF DISMISSAL**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs, except as otherwise contained in the parties' settlement agreement; and further that Plaintiffs are precluded from bringing any further claims against Defendants or any of them under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including overtime pay for the period set forth in Plaintiffs' Complaint.

**IT IS FURTHER STIPULATED AND AGREED** that this Court shall retain jurisdiction to enforce the Parties' Settlement Agreement.

[THIS SPACE INTENTIONALLY LEFT BLANK]

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

SO ORDERED:

_____

Dated: _____, 2018                              _____, 2018
          New York, New York                    Hauppauge, New York

_____     _____
Steven Ross, Esq.                                    Daniel G. De Pasquale, Esq.
Eric Dawson, Esq.                                    Email: dan@dgdpc.com
Email: Steven@rossasmar.com                          Daniel G. De Pasquale, P.C.
Ross & Asmar LLC                                     140 Fell Court, Suite 305
499 Seventh Avenue                                   Hauppauge, New York 117988
23rd Floor, South Tower                              Telephone: (631) 881-0040
New York, NY 10018                                   Facsimile: (631) 881-0818
Telephone: (212) 736-4202                            *Attorneys for Defendants*
Facsimile: (212) 736-2873
*Attorneys for Plaintiffs*

Agreed and Accepted:

_Mauricio Perez J_
Mauricio Perez
Date: 17 Septiembre 2018
este contrato fue explicado en mi lengua Español

Agreed and Accepted:

_____
Gilberto Martinez Galvez
Date: _____

Agreed and Accepted:

MVNBC Corp. d/b/a Benvenuto Café Tribeca

_/s/ Perry Mallas_
By: Perry Mallas
Date: 9/21/18

Agreed and Accepted:

TKN Corp. d/b/a Benvenuto Caffe

_/s/ Perry Mallas_
By: Perry Mallas
Date: 9/21/18

Agreed and Accepted:

_/s/ Perry Mallas_
Perry Mallas
Date: _____

Agreed and Accepted:

_/s/ William Mallas_
William Mallas a/k/a Billy Mallas
Date: 9/21/18

Agreed and Accepted:

_____
Mauricio Perez
Date: _____

Agreed and Accepted:

_____[signature]_____
Gilberto Martinez Galvez
Date: 9.11.18

este contrato fue explicado en español

Agreed and Accepted:

MVNBC Corp. d/b/a Benvenuto Café Tribeca

___[signature: Perry Mallas]___
By: Perry Mallas
Date: 9/21/18

Agreed and Accepted:

TKN Corp. d/b/a Benvenuto Caffe

___[signature: Perry Mallas]___
By: Perry Mallas
Date: 9/21/18

Agreed and Accepted:

___[signature: Perry Mallas]___
Perry Mallas
Date: 9/21/18

Agreed and Accepted:

___[signature]___
William Mallas a/k/a Billy Mallas
Date: 9/21/18