UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICIO PEREZ, GILBERTO MARTINEZ GALVEZ, *on behalf of themselves and all others similarly situated*,

          Plaintiffs,

– against –

MVNBC CORP., d/b/a BENVENUTO CAFÉ TRIBECA, TKN CORP., d/b/a BENVENUTO CAFFE, PERRY MALLAS and WILLIAM MALLAS, a/k/a BILLY MALLASM,

          Defendants.

**OPINION AND ORDER**

15 Civ. 06127 (ER)

Ramos, D.J.:

  Mauricio Perez and Gilberto Martinez Galvez (collectively, "Plaintiffs") brought the above-captioned action against MVNBC Corp., d/b/a Benvenuto Café Tribeca, TKN Corp., d/b/a Benvenuto Caffe, Perry Mallas and William Mallas, a/k/a Billy Mallas (collectively, "Defendants"), for unpaid wages, overtime compensation, spread-of-hours premiums, and failure to provide wage notice under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Doc. 1. On September 21, 2018, the parties submitted an application for the Court to approve the Settlement and Release Agreements between each Plaintiff and the Defendants ("Agreements"), and to dismiss this action with prejudice. Doc. 54.

  In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). The Court will not approve the Agreements

because the parties have not submitted sufficient supporting materials to allow the Court to determine whether the Agreements are "fair and reasonable" as currently drafted.

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Felix v. Breakroom Burgers & Tacos*, No. 15 Civ. 3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

Here, the parties have "failed to provide the Court with enough information about the *bona fides* of the dispute to determine whether the settlement amount was fair and reasonable." *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *1 (S.D.N.Y. Aug. 31, 2015). The Court's inquiry into the substantive reasonableness of a FLSA settlement requires the parties to submit, among other things, a comparison of Plaintiffs' range of possible damages with the final settlement amount, and an explanation of the case-specific litigation risks and other factors that justify the discrepancy between the potential value of Plaintiffs' claims and the settlement amount, if any. *See, e.g.*, *Jesus v. PS Bros. Gourmet*, No. 15 Civ. 99 (WHP), 2015 WL 9809999, at *1 (S.D.N.Y. Dec. 18, 2015) (approving FLSA settlement where Plaintiff submitted "a detailed breakdown of the total damages assessed for minimum wage, overtime, and spread-of-hours violations; New York and federal liquidated damages; interest; and pay stub violation"); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007

(VSB), 2015 WL 9161791, at *1 (S.D.N.Y. Dec. 14, 2015) (approving settlement after parties "submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable"); *Gaspar v. Pers. Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Although the Court is satisfied with the parties' explanation of the *methodology* used to generate the settlement amounts, however, the parties did not submit the *underlying data* to which the methodology was applied…[T]he parties must submit this information to the Court before the Court can approve the settlement."). The parties have only submitted the settlement agreement, not any underlying data comparing the Planitiffs' range of damages with the final settlement amount.

Regarding the reasonableness of attorneys' fees requested, the Court looks to "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—which creates a presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)). Under the proposed Agreements, Plaintiffs' attorneys will retain one third of the settlement amount, totaling $15,833.33, as attorneys' fees. Doc 54 at 3. Although "one-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases," *Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG) (MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015), Plaintiffs do not provide any documentation allowing the Court to evaluate its reasonableness in *this* action. *Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done. That requirement extends to parties seeking approval of a settlement that allocates a

portion of the proceeds to the attorney."); *see also Beckert*, 2015 WL 8773460, at *2 (evaluating the reasonableness of Plaintiff's request for fees of one third of the settlement amount by reviewing the reasonable hours worked multiplied by reasonable hourly rates, i.e. the lodestar method).

Accordingly, the Court will not approve the Agreement in the absence of a joint letter to the Court explaining the basis for their proposed settlement and why it should be approved as fair and reasonable, with reference to the discussions in *Cheeks*, 796 F.3d at 200–01, and *Wolinsky*, 900 Supp.2d at 335–36. The parties may proceed in one of the following ways:

1. File a revised letter to the Court explaining the basis for their proposed settlement and why it should be approved as fair and reasonable, with reference to the discussions in *Cheeks*, 796 F.3d at 200–01, and *Wolinsky*, 900 Supp.2d at 335–36, on or before **October 12, 2018**.

2. File a joint letter on or before **October 12, 2018**, that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference; or

3. Stipulate to dismissal of the case *without* prejudice, which the Court need not approve under current Second Circuit case law, *see Cheeks*, 796 F.3d at 201 n.2.

It is SO ORDERED.

Dated:  September 26, 2018
        New York, New York

                                                        Edgardo Ramos, U.S.D.J.